[No. B065946. Second Dist., Div. Six. May 4, 1993.]

In re the Marriage of LOIS and ALAN GRIFFIN.
LOIS GRIFFIN, Appellant, v.
ALAN GRIFFIN, Respondent.

## Counsel

Cohen, Alexander & Clayton and Leonard Alexander for Appellant.

Taylor McCord, Richard L. Taylor and Patrick G. Cherry for Respondent.

## Opinion

**YEGAN, J.**—This is a purported appeal by petitioner, Lois Griffin, from the February 3, 1992, denial of her motion to correct a minute order. The order is not appealable at this time and we dismiss the appeal. "Wise adjudication has its own time for ripening." (*Maryland* v. *Baltimore Radio Show* (1949) 338 U.S. 912, 918 [94 L.Ed. 562, 566, 70 S.Ct. 999] opn. by Frankfurter, J. on denial of petn. for writ of cert.)

On May 28, 1991, the date of a mandatory settlement conference, a minute order was entered which states, "counsel stipulate that the attached

document represents the value of the first two properties if they are awarded to respondent." The one-page attached document listed seven categories of property with corresponding fair market values, liens, and the net values. The first two properties listed were the "Thin-Lite Corporation" at $1,120,000 and ". . . the real property and building located at 530 Constitution Avenue" at $133,235. The latter is the real property on which Thin-Lite Corporation is situated. The minute order also sets a trial date. Among the issues set for trial was "whether the petitioner retains a one-quarter interest in this business and the real property." In a document captioned "Partial Judgment on Bifurcated Issue," these two properties are again listed at the same values.

On January 17, 1992, appellant, represented by newly obtained counsel, filed a motion to correct the minute order alleging: (1) There was no stipulation as to the value of the business; (2) If petitioner's attorney had so stipulated, he was without actual authority to do so; and (3) it is not the sort of stipulation to which an attorney can bind a client without actual authority. Both petitioner and her previous attorney denied having entered into the value stipulations for "Thin-Lite" and the real property upon which it was situated. Respondent and his counsel indicated that both parties and counsel had agreed to these valuations and that the minute order to that effect was accurate. The trial court denied the motion and this purported appeal followed.

■■■ "The right to appeal in California is wholly governed by statute and appellate courts have no jurisdiction to entertain appeals except as provided by the Legislature. [Citation.]" (*In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638 [235 Cal.Rptr. 198.) The primary statute governing appeals in civil cases is Code of Civil Procedure section 904.1. Subdivision (a) thereof provides for an appeal "[f]rom a judgment except (1) an interlocutory judgment . . . ." Subdivision (j) of section 904.1 permits an appeal from an order "made appealable by the provisions of the . . . Family Law Act [Family Code as of January 1, 1994] . . . ."

■■■ The intent of Code of Civil Procedure section 904.1 ". . . is to codify the *final judgment rule*, or rule of *one final judgment*, a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly and that a review of intermediate rulings should await the final disposition of the case. [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 43, p. 67.) ■■■ There is no final judgment herein. Many issues, including spousal support and other property issues remain to be tried or resolved.

Civil Code section 4365, part of the Family Law Act, provides: "(a) Notwithstanding any other provision of law, in any proceeding brought

under this part, in which the superior court has ordered an issue or issues bifurcated for separate trial or hearing in advance of the disposition of the entire case, a court of appeal may order an issue or issues transferred to it for hearing and decision when the superior court which heard the issue or issues certifies that the appeal is appropriate. Certification by the superior court shall be in accordance with rules promulgated by the Judicial Council. [¶] (b) The Judicial Council shall establish rules for the certification of appeals described in subdivision (a) by July 1, 1989."

California Rules of Court, rules 1269 and 1269.5 govern those appeals. Rule 1269, in pertinent part, provides: "(a) [Bifurcation of issues] This rule applies only to proceedings under the Family Law Act. On noticed motion of a party, the stipulation of the parties, or its own motion, the court may bifurcate one or more issues to be tried separately before other issues are tried. The motion shall be heard not later than the trial-setting conference. [¶] The clerk shall mail copies of the order deciding the bifurcated issue and any statement of decision under rule 232.5 to the parties within 10 days of their filing and file a certificate of mailing. [¶] (b) [When to bifurcate] The court may try separately one or more issues before trial of the other issues if resolution of the bifurcated issue is likely to simplify the determination of the other issues. Issues that may, in some cases, be appropriate to try separately in advance include: (1) validity of a postnuptial or premarital agreement; (2) date of separation; (3) date to use for valuation of assets; (4) whether property is separate or community; (5) how to apportion increase in value of a business; (6) existence or value of business or professional goodwill."

California Rules of Court, rule 1269.5 (a), (b) and (c) provides: "(a) [Applicability] This rule applies only to proceedings under the Family Law Act. It does not apply to appeals from the court's termination of marital status as a separate issue, nor to appeals from other orders that are separately appealable. [¶] (b) [Certificate of probable cause for appeal] The order deciding the bifurcated issue may, at the judge's discretion, include an order certifying there is probable cause for immediate appellate review of the issue. If it was not in the order, within 10 days after the clerk mails the order deciding the bifurcated issue a party may notice a motion requesting the court to certify there is probable cause for immediate appellate review of the order. The motion shall be heard within 30 days after the order deciding the bifurcated issue is mailed. [¶] The clerk shall promptly mail notice of the decision on the motion to the parties. If the motion is not determined within 40 days after mailing of the order on the bifurcated issue, it shall be deemed granted on the grounds stated in the motion. [¶] (c) [Content and effect of certificate] A certificate of probable cause shall state, in general terms, the

reason immediate appellate review is desirable, such as a statement that final resolution of the issue (1) is likely to lead to settlement of the entire case; (2) will simplify remaining issues; (3) will conserve the courts' resources; (4) will benefit the well-being of a child of the marriage or the parties. [¶] If a certificate is granted, trial of the remaining issues may be stayed. if trial of the remaining issues is stayed, unless otherwise ordered by the trial court on noticed motion, further discovery shall be stayed while the certification is pending. These stays terminate upon the expiration of time for filing a motion to appeal if none is filed, or upon the Court of Appeal denying all motions to appeal, or upon the Court of Appeal decision becoming final."

This purported appeal is in derogation of Civil Code section 4365 and California Rules of Court, rules 1269 and 1269.5. By letter, we invited supplemental letter briefing on the issue of appealability. ▇ "[S]ince the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion. [Citations.]" (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720]; see also *Chromy* v. *Lawrence* (1991) 233 Cal.App.3d 1521, 1524 [285 Cal.Rptr. 400].)

▇ "A judgment is not appealable unless it is final in the sense that it decides the rights and duties of the parties and terminates the litigation. [Citation.]" (*County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105, 111 [183 Cal.Rptr. 741].) " '[W]here anything further in the nature of judicial action on the part of the court is essential to a final determination of the right of the parties, the decree is interlocutory.' [Citation.]" (*Olson* v. *Cory, supra,* 35 Cal.3d at p. 399.) As indicated, spousal support and other property issues remain to be tried. There has been no termination of the litigation, and further judicial action is essential to a final determination of the parties' rights.

The purported appeal is dismissed. The issues raised herein can be re-solved, if necessary, following the entry of final judgment. Each side to bear its own costs and attorney fees on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.