11/14/23  Marriage of Naranjo and Soto-Naranjo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of JORGE NARANJO and CLAUDIA SOTO-NARANJO. | 2d Civ. No. B320681 (Super. Ct. No. D354440 ) (Ventura County) |
| JORGE NARANJO,    Respondent, v. CLAUDIA SOTO-NARANJO,    Appellant. | |

In dividing the parties' community property, the trial court awarded husband *Epstein* credits for using his separate property to pay obligations on a community property warehouse.  (*In re Marriage of Epstein* (1979) 24 Cal.3d 76 (*Epstein*).  Wife appeals the award of the credits.  But the matter is not appealable because there is no final judgment.  We exercise our discretion to treat the attempted appeal as a petition for extraordinary writ.

We grant the petition. There is no evidence that husband's payments from his separate property greatly exceeded the value of his use of the community property after separation. We issue the writ.

FACTS

Jorge Naranjo and Claudia Soto-Naranjo were married in 1999 and separated in 2013. Jorge[1] and his brother each own 50 percent of the shares of a corporation that operates a Mexican restaurant in Oxnard (the Corporation).

In 2008, Jorge, Claudia, Jorge's brother, and Jorge's brother's wife purchased a warehouse in Oxnard. The warehouse was used to store restaurant supplies, as an office for the restaurant business and to host catered events and parties. The Corporation paid the mortgage and property taxes on the warehouse. It listed the payments as rent on its balance sheet. The rental payments listed on the balance sheet equaled the mortgage and tax payments for the warehouse. Income from the warehouse derived from event and party rentals, plus income from the rental of a portion of the warehouse to a gym, were deposited in the Corporation's account. Claudia did not receive any of the income.

After the parties separated, the Corporation continued to pay the mortgage and taxes and received all the income. The parties stipulated that after the parties separated in January 2013, until the warehouse was sold in December 2018, the Corporation paid $601,416 in mortgage payments and $63,096 in property taxes. The sale of the warehouse produced a net profit for the parties of $183,898.

---

[1] We refer to the parties by their first names for ease of reference. No disrespect is intended.

The parties agreed that the 50 percent interest in the Corporation and its restaurant business are Jorge's separate property. But the trial court found that the parties' 50 percent interest in the warehouse was community property.

Claudia asked the trial court to award her half of the parties' proceeds from the sale of the warehouse amounting to $91,949. Jorge claimed credits pursuant to *Epstein, supra*, 24 Cal.3d 76, for the mortgage payments ($300,708) and the property taxes ($31,548) the Corporation paid for the warehouse after the parties separated, for a total credit of $332,256.

## *Ruling*

The trial court ruled that because Jorge owned only 50 percent of the Corporation, he is entitled to *Epstein* credits for half of the $332,256 paid by the Corporation or $166,128. The court, however, made a mathematical error and gave Jorge credit for $168,128.

The trial court took the parties' total net proceeds from the sale of $183,898, and subtracted $168,128, as *Epstein* credits awarded to Jorge, for a net community property share of $15,770. The court awarded half of the $15,770 or $7,885 to each party as their respective community interests.

## DISCUSSION

### I. *Appealability*

Ordinarily only final judgments are appealable. (Code Civ. Proc., § 904.1, subd. (a)(1).) A judgment is not final and appealable unless it decides the rights and duties of the parties and terminates the litigation. (*In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689.) Here, as the parties recognize, there remains a dispute over an additional property. The judgment is not final.

Claudia claims the trial court's order could be appealed as a post-judgment order.  (Citing Code Civ. Proc., § 904.1, subd. (a)(2).)  But it is not a post-judgment order.  There is no judgment for it to be post.

Claudia requests that if the order is not appealable, we treat the appeal as a petition for an extraordinary writ.  (Citing *In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 404.)  We reluctantly agree.  The matter is fully briefed on the merits. There is little point to putting the parties through another appeal on the same issues.

## II. *Epstein* Credits

Claudia contends that Jorge is not entitled to any *Epstein* credits because the Corporation, not Jorge, made the mortgage and tax payments.

Claudia did not raise the issue in the trial court.  But the court sua sponte stated it is a "problem."  How true.  Claudia cannot prevail on the merits.

Our Supreme Court in *Epstein, supra,* 24 Cal.3d at page 84, held that a spouse who after separation uses separate funds to pay community obligations is entitled to reimbursement.

Claudia argues that Jorge must personally make the payments to be entitled to *Epstein* credits.  According to Claudia, money would have to be transferred from the Corporation into Jorge's personal bank account from which the payments are made for Jorge to get the credit.  Claudia cites no authority in support of her argument.

A simple syllogism, drawn from the uncontradicted evidence, will demonstrate this point.  The Corporation is Jorge's separate property.  The payments were made from the

4

Corporation. Ergo, the payments were made from Jorge's separate property.

Claudia argues that even if the payments were made from Jorge's separate property, he is not entitled to *Epstein* credits because he failed to show that the warehouse payments greatly exceeded the value of his exclusive use of the property. For a community property asset used exclusively by one spouse between separation and trial, no reimbursement should be ordered unless the amount of the debt payment greatly exceeds the value of the use of the asset. (*In re Marriage of Hebbring* (1989) 207 Cal.App.3d 1260, 1271.) Jorge points to no such evidence. Instead, he claims Claudia waived the issue by failing to raise it in the trial court.

But Jorge has the burden of proving he is entitled to *Epstein* credits. (See Evid. Code, § 500 [a party has the burden of proof as to each fact the existence of which is essential for the claim for relief that he is asserting]; see also *In re Marriage of Prentis-Margulis & Margulis* (2011) 198 Cal.App.4th 1252, 1280-1281 [husband was denied *Epstein* credits because he could not trace payments to his separate funds].)

Jorge failed to produce substantial evidence that the amount of the debt payments greatly exceeded the value of the use of the asset. Although the general rule is that the points not raised in the trial court cannot be raised on appeal, the contention that a judgment or order is not supported by substantial evidence is an exception to the rule. (*Tahoe National Bank v. Beulah F. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17.)

We grant Claudia's writ petition. But because there is no final judgment, Jorge will have the opportunity to produce further evidence on his entitlement to *Epstein* credits on remand.

5

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its ruling awarding *Epstein* credits and to proceed further consistent with this opinion.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

6

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____

Ferguson Case Orr Paterson, John A. Hribar and Wendy C. Lascher for Appellant.

Taylor, McCord, Praver & Cherry and Patrick G. Cherry for Respondent.