Filed 6/18/24  Marriage of Haaswyk CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of ROY and LETICIA HAASWYK. | |
| | D083306 |
| ROY HAASWYK, | |
| Appellant, | (Super. Ct. No. RID1801244) |
| v. | |
| LETICIA HAASWYK, | |
| Respondent. | |


APPEAL from an order of the Superior Court of Riverside County, Cheryl C. Murphy, Judge.  Dismissed.

Brandon C. Roesler for Appellant.

Oscar E. Toscano for Respondent.


Roy Haaswyk purports to appeal an order denying his request for an annulment of his marriage to Leticia Haaswyk.  The order is not appealable, and the record contains no other order or judgment that is appealable and would allow us to review the challenged order.  We dismiss the appeal.

BACKGROUND

The parties met in May 2012, when neither was a citizen of the United States.  Roy became a citizen in November 2013.  He and Leticia consulted attorneys in March 2014 to inquire how marriage would affect her immigration status.

The parties married in September 2014.  Several months later, Leticia's conditional residency was approved.  The parties separated in February 2018.  Roy filed a petition for dissolution of marriage the following April.

In May 2020, Roy filed a request for order to amend the petition to change it from one for dissolution to one for nullity.  The alleged ground for nullity of the marriage was that Leticia had obtained Roy's consent by fraud.  (See Fam. Code, § 2210, subd. (d).)[1]  Specifically, Roy alleged Leticia never intended to remain faithful to him and married him only to become a citizen or permanent resident of the United States.  In support of the request, Roy submitted a proposed amended petition, a declaration describing his relationship with Leticia and the reasons he suspected her of fraud, and exhibits.

Leticia filed opposition to Roy's request for order.  She contended there was no basis to annul the marriage, because the parties had lived together and shared a full intimate relationship for years, and separated when Roy became emotionally, verbally, and physically abusive.  Leticia denied Roy's allegation that she married him only so that she could become a citizen or

[1]  "A marriage is voidable and may be adjudged a nullity if any of the following conditions existed at the time of the marriage:  [¶] . . . [¶]  (d) The consent of either party was obtained by fraud, unless the party whose consent was obtained by fraud afterwards, with full knowledge of the facts constituting the fraud, freely cohabited with the other as his or her spouse." (Fam. Code, § 2210.)

2

permanent resident of the United States. She argued a petition for nullity of marriage based on fraud would be untimely because more than four years had passed since they married. (See Fam. Code, § 2211, subd. (d) [proceeding to nullify marriage based on fraud must be commenced "within four years after the discovery of the facts constituting the fraud"].) As part of her opposition, Leticia submitted a declaration describing her relationship with Roy and her reasons for marrying him.

Roy filed a reply the gist of which was that Leticia was not credible.

At a hearing in April 2021, the family court stated that fraud was a ground to annul a marriage; Roy had sufficiently alleged grounds for nullity of his marriage to Leticia; if Roy prevailed at trial on his fraud claim, the marriage would be annulled; and if he did not prevail, the case would go forward as a dissolution proceeding. The court ruled that Roy did not have to file an amended petition and that it would hold a trial on the issue of nullity. At the trial readiness conference, the court confirmed that it was going to decide the issue of nullity first. If the court ruled in favor of Roy on that issue, the marriage would be annulled; if the court ruled against him, it would proceed with the petition for dissolution of marriage to address "issues like property division, spousal support, things like that."

After several continuances, the trial on the issue of nullity was finally held in January 2023. The court asked whether either counsel wished to make an opening statement. Roy's counsel submitted on his prior filings "as an opening statement as far as the preview of the facts." Leticia's counsel made "an oral motion for judgment on the pleadings based on the declarations that [Roy] submitted himself." Leticia's counsel argued the marriage could not be annulled on the ground of fraud, because Roy admitted he lived with her for years after he knew about the alleged fraud and did not

3

seek to annul the marriage until more than four years had passed since he knew about it.  In response, Roy's counsel conceded that Roy learned in April or May 2016 that Leticia had "told a third party that she only married [him] for immigration purposes" and that she told him the same thing in a therapy session in June 2016.  Roy's counsel argued, however, that in 2016 Roy believed Leticia was saying many things she did not actually mean due to a mental illness, and he did not realize until he filed the petition for dissolution of the marriage in February 2020 that she actually meant what she had said about marrying him only for immigration purposes.

After hearing counsel's arguments, the family court agreed with Leticia's counsel that it could not annul the marriage on the basis of fraud, because Roy's own declarations showed he continued to live with Leticia for years after he learned about the alleged fraud.  The court granted Leticia's request for judgment on the pleadings and stated:  "[T]his case is dismissed with prejudice -- denied.  The [c]ourt is denying the annulment, and it will proceed as a dissolution of marriage action."  There are two corresponding unsigned minute entries.  One states:  "Court Grants [Leticia's] request for Judgment.  [¶]  Court dismisses with prejudice.  [¶]  Court denies the Nullity."  The other states:  "Request for Order re: Nullity is denied."

Roy filed a form notice of appeal in which he identified the judgment or order being appealed by checking the box "Other" and typing in, "Petitioner is appealing Respondent's Motion for Judgment on the Pleadings pursuant to Code of Civil Procedure 438."  He did not identify any statute authorizing the appeal.

DISCUSSION

Roy challenges the family court's decision to grant Leticia's oral motion for judgment on the pleadings on three grounds:  (1) the court failed to view

4

the facts most favorably to him; (2) Leticia failed to file a properly noticed written request for judgment on the pleadings; and (3) the court previously ruled Roy had alleged adequate grounds to annul the marriage and could not change that ruling. Leticia disagrees with Roy on each of those points and contends his appeal is frivolous. She also contends, "There is no final judgment to be appealed from." On the appealability issue, Roy responds that the court's ruling on the nullity issue was final and appealable. As we shall explain, the ruling is not appealable and we must dismiss the appeal.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) A judgment or order is appealable only when made so by statute. (*Ibid.*; *In re Javier G.* (2005) 130 Cal.App.4th 1195, 1199.) In civil cases, including those governed by the Family Code, section 904.1 of the Code of Civil Procedure is the main statute that identifies appealable judgments and orders. (*Benton v. Benton* (2019) 39 Cal.App.5th 212, 217; see Fam. Code, § 210 [rules of procedure applicable to civil actions generally apply to family law proceedings].) Under that statute, final judgments, postjudgment orders, and specified prejudgment orders are appealable. (Code Civ. Proc., § 904.1, subd. (a).) Most intermediate rulings are not appealable and must await review until final disposition of the case. (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277; *Benton*, at p. 217.)

The record contains no appealable judgment. A decision or ruling must determine the rights and duties of the parties and leave nothing to be decided between them for it to constitute a final judgment that may be appealed. (Code Civ. Proc., §§ 577, 904.1, subd. (a)(1); *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741; *Aixtron, Inc. v. Veeco Instruments Inc.*

5

(2020) 52 Cal.App.5th 360, 384; *In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689 (*Griffin*).) The court's ruling against Roy on Leticia's motion for judgment on the pleadings on the nullity issue lacks the finality required to make it appealable. Although the family court's unsigned minutes state, "Court Grants [Leticia's] request for Judgment" and "Court dismisses with prejudice," the court did not actually enter a judgment of dismissal. Rather, when it denied Roy's request for nullity, the court stated the case "will proceed as a dissolution of marriage action." The case thus remains pending between the parties. "[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Morehart*, at p. 743.)

The record contains no appealable order either. The family court's order granting judgment on the pleadings on the nullity issue is not on the list of prejudgment orders that are appealable. (See Code Civ. Proc., § 904.1, subd. (a).) "It is settled that an order granting a motion for judgment on the pleadings is not final or appealable, and that it is only from the subsequently entered judgment that an appeal will lie." (*Little v. Mountain View Dairies* (1950) 35 Cal.2d 232, 234 (*Little*); accord, *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1212–1213; *Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366, 369.) Review of the ruling on the nullity issue must await an appeal from the judgment to be entered in the pending dissolution proceeding. (Code Civ. Proc., § 906; *Ellerbee*, at p. 1213; *Griffin, supra*, 15 Cal.App.4th at p. 689.)

In sum, no appealable judgment or order is before us. We have no jurisdiction and must dismiss the appeal. (*Little, supra*, 35 Cal.2d at p. 234;

6

*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 78; *Griffin, supra,* 15 Cal.App.4th at p. 689.)

DISPOSITION

The appeal is dismissed.

IRION, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.