Filed 6/26/24  Marriage of Wu and Wang CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| In re the Marriage of JUAN WU and YANG WANG. | |
| JUAN WU,<br><br>        Appellant,<br><br>v.<br><br>YANG WANG,<br><br>        Respondent. | A166390<br><br>(Alameda County<br>Super. Ct. No. HF19002352) |

## MEMORANDUM OPINION

Juan Wu appeals from an August 2022 trial court order setting aside her marital settlement agreement (MSA) with her spouse, Yang Wang, and from an order denying her request for reconsideration of the order.  We dismiss the appeal for lack of an appealable order.[1]

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Our abbreviated factual recitation is drawn from the few relevant documents in the limited appellate record.  (The record does not contain the MSA or a reporter's transcript of the evidentiary hearing held on the MSA's enforceability.)  For convenience—and intending no disrespect— we use the parties' first names.  We requested and received supplemental briefing on whether the August 2022 order is appealable.

Juan and Yang married in China. In 1998, they moved to California, where they had two children. During their marriage, they purchased real property, including a house in Union City (the property). In September 2010, they entered into the MSA. Among other things, the MSA provided that proceeds from the sale of the property would belong to Juan. Around this same time, Yang signed interspousal transfer grant deeds relating to the property.

In January 2019, Juan petitioned to dissolve the marriage. Thereafter, she urged the trial court to enforce the MSA. The court held an evidentiary hearing on the date of the parties' separation and the MSA's enforceability. In August 2022, the court issued a written order establishing the date of separation and setting aside the MSA and the deeds on the grounds that Juan failed to rebut the presumption of undue influence. Juan sought reconsideration of the order. The court denied the request. Juan appealed both orders.

The right to appeal is governed by statute. (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 78.) Section 904.1—which lists appealable orders and judgments—" 'codifies the "one final judgment rule" and provides that only final judgments are appealable. The one final judgment rule is based on the theory that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court.' " (*In re Marriage of Deal*, at p. 78; *In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689 [judgment " 'is not appealable unless it is final in the sense that it decides the rights and duties of the parties and terminates the litigation' "].)

In her opening brief, Juan asserts the August 2022 order is appealable as a final judgment under Code of Civil Procedure[2] section 904.1, subdivision (a)(1).[3]  Not so.  The order does not terminate the litigation. Instead, it invalidates the MSA and the deeds, necessitating further litigation on the division of marital assets.  As a result, further judicial action is essential to a final determination of the parties' rights and obligations.  (*In re Marriage of Griffin, supra*, 15 Cal.App.4th at p. 687 [no appealable final judgment where "[m]any issues, including spousal support and other property issues remain to be tried or resolved"].)

In her supplemental brief, Juan contends the August 2022 order is appealable under the collateral order doctrine, which authorizes an appeal from a trial court ruling on a matter " 'severable from the general subject of the litigation' " that directs " 'the payment of money by appellant or the performance of an act by or against [her].' " (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561.)  We disagree.  The order is not distinct and severable from the general subject of the dissolution.  Instead—and as discussed above—it is "a necessary step to the ultimate division of the parties' entire marital estate." (*In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 418.)  Moreover, the order does not "direct the payment of money or the

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] An order setting aside an MSA is not among the appealable orders enumerated in the statute.  Section 904.1, subdivision (a)(10) authorizes an appeal from an order made appealable by the Family Code, but Juan does not contend this subdivision provides a basis for appellate jurisdiction.  And she does not argue the trial court's order denying her request for reconsideration of the August 2022 order is appealable. (*Estate of Jones* (2022) 82 Cal.App.5th 948, 955, fn. 1 [issues not raised and supported with authority are waived].)  Nor can she, for a denial of a motion for reconsideration is not independently appealable. (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 937, fn. 1.)

performance of an act." (*Lester*, at p. 562.)  Thus, it is not appealable as a collateral order.

When—as here—there is no appealable order or judgment, we must dismiss the appeal.  (*In re Marriage of Deal, supra*, 80 Cal.App.5th at p. 78; *In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 587.)  "The issues raised herein can be resolved, if necessary, following the entry of final judgment." (*In re Marriage of Griffin, supra*, 15 Cal.App.4th at p. 689.)  We have considered the parties' remaining arguments; they merit no discussion.

## DISPOSITION

The appeal is dismissed.  In the interests of justice, no costs are awarded.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                        Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.


A166390/*Wu v. Wang*

4