Filed 5/26/26  Marriage of N.B. and S.B. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| In re the Marriage of N.B. and S.B. | C103855 |
| N.B., Respondent, v. S.B., Appellant. | (Super. Ct. No. 22FL05588) |

The trial court granted respondent N.B. (mother) a domestic violence restraining order (DVRO) against appellant S.B. (father), which it subsequently renewed for five years.  Father did not appeal either order.  Father later sought to modify or terminate the renewed DVRO, arguing the original DVRO was invalid; the trial court denied that request, and father did not appeal.  Father filed a second modification request, asking the trial court to terminate the renewed DVRO, modify custody, and issue a child abduction prevention order.  The trial court denied father's second modification request after conducting a hearing at which both father and mother testified.

Father now appeals the trial court's order denying his second modification request. He again argues the original DVRO was invalid and asserts the court failed to consider or rule on his child custody and child abduction prevention requests.  Because the time to

1

challenge the original DVRO and the renewed DVRO has long since passed, and because father elected to proceed without a reporter's transcript, which limits the scope of our appellate review, we shall reject his contentions and affirm.[1]

BACKGROUND

Father and mother share three children together, and the record reflects they were involved in marriage dissolution proceedings beginning in 2022. On March 1, 2023, mother obtained a one-year DVRO protecting her and the children against father. Both mother and father were represented by counsel during the hearing. After considering the evidence presented, the court found "sufficient evidence to support the granting of a [DVRO]." Father did not appeal this finding or the DVRO. The original DVRO is not contained in the record.

Mother later sought to renew the restraining order. On February 14, 2024, the trial court granted her renewal request with a slight modification removing the children as protected parties. The renewed DVRO is set to expire on February 14, 2029. The record on appeal does not contain the renewed DVRO, and nothing in the record shows father appealed this restraining order.

Rather, in April 2024, father filed a request to modify or terminate the renewed DVRO. The trial court denied his request in June 2024, and father did not appeal that denial. This first modification request, and the court's ruling denying it, are not contained in the record on appeal.

Six months later, in December 2024, father filed a second request to modify or terminate the renewed DVRO. He included within his modification request additional requests to modify custody and for issuance of a child abduction prevention order.

---

[1] Mother did not file a respondent's brief on appeal.

To support his second modification request, father submitted a written statement arguing the renewed DVRO should be terminated because the trial court granted the original DVRO in March 2023 under "false pretense[s] during a [temporary restraining order] hearing without the required evidentiary hearing and trial with blatant disregard for the principles of due process and relevant case law," including denying him the opportunity during the hearing to be meaningfully heard and to cross-examine mother. He also asserted that, upon issuing the allegedly invalid DVRO, the court erroneously applied the custody presumption under Family Code[2] section 3044 to deprive him of his children for over a year.[3] Father further argued that during the hearing on mother's request to renew the DVRO in February 2024, mother submitted multiple false police reports and a fraudulent arrest warrant as surprise evidence, confessed to identity theft and fraud against father since the DVRO was initially issued, violated the no-contact order by demanding or attempting to steal property, and refused to comply with court ordered visitation for over a year.

Father attached a "statement and video transcript" (capitalization & boldface omitted) of an interaction between him and mother that occurred in July 2022. He asserted this transcript showed mother criminally kidnapped the children by removing them from their home and community without his consent or a relocation request order and failed to comply with the court ordered visitation.

---

[2] Undesignated statutory references are to the Family Code.

[3] Section 3044 establishes a rebuttable presumption that an award of joint or sole custody to a parent who has perpetrated domestic violence is not in a child's best interests. The presumption is mandatory. (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 661.) "[A] finding of domestic abuse sufficient to support a [Domestic Violence Prevention Act] restraining order necessarily triggers the presumption in section 3044." (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1267.)

The trial court conducted a hearing on father's second modification request on March 25, 2025. Father and mother each appeared in pro. per., were sworn in, and testified.

After considering the parties' evidence, testimony, and arguments, the trial court denied father's second modification request. The court found father raised the same due process arguments he had raised in his first request to modify or terminate the renewed DVRO, which the court denied in June 2024 and from which father did not appeal. The court distinguished *In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, which father cited to show a due process violation. Unlike in that case, father did not timely appeal either the original DVRO or the order denying his first request to modify or terminate the renewed DVRO, and he had appeared with counsel and presented evidence at the hearing on the original DVRO. The court also found father presented no new information in his second modification request that was unavailable when the court denied his first modification request, and that he was collaterally estopped from challenging the court's prior unappealed orders. Lastly, the court reasoned father's challenge to the original DVRO was arguably moot because the court had already granted the renewed DVRO.

Father timely appealed the trial court's order denying his second modification request. When designating the record on appeal, father elected to proceed with only a clerk's transcript and without a reporter's transcript.

DISCUSSION

Father argues the trial court erred by denying his second modification request. He contends the court failed to address his due process arguments as to why the original DVRO was invalid, erroneously found the second modification request raised similar issues to those the court already rejected when denying his first modification request, and did not consider his included requests to modify custody or for a child abduction prevention order.

4

At the outset, we note it was incumbent on father to appeal the DVRO, and the renewed DVRO, before each became final if he believed the trial court erred in granting the restraining orders. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1503 ["[a] domestic violence restraining order is a type of injunction, as it is an 'order requiring a person to refrain from a particular act' "]; *S.M. v. E.P., supra*, 184 Cal.App.4th at pp. 1257-1258 [DVRO is separately appealable as an order granting an injunction]; Code Civ. Proc., § 904.1, subd. (a)(6) [appeal may be taken "[f]rom an order granting . . . an injunction"].)

Generally, a party must file an appeal by the earliest of either 60 days after the superior court clerk served a notice of entry of judgment or a file-endorsed copy of the judgment, 60 days after being served with a document entitled notice of entry of judgment or a file-endorsed copy of the judgment, or 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(A)-(C).) In this case, the court granted the original DVRO on March 1, 2023. The absolute latest father could have appealed that order, then, was August 28, 2023, 180 days after it was entered. Likewise, the court granted the renewed DVRO on February 14, 2024. The latest father could have appealed the renewed DVRO was August 12, 2024. Father, however, did not appeal either the DVRO or the renewed DVRO.

Because father did not timely challenge the DVRO or the renewed DVRO, he is prohibited from doing so now. " 'If a judgment or order is appealable, an aggrieved party *must* file a timely appeal or forever *lose* the opportunity to obtain appellate review.' " (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46; see also *In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 687 [" 'The right to appeal in California is wholly governed by statute and appellate courts have no jurisdiction to entertain appeals except as provided by the Legislature' "].)

The trial court recognized as much when it stated father did not appeal the court's finding that sufficient evidence supported granting the DVRO, "which is now final," and when it recognized father did not appeal the renewed DVRO but instead unsuccessfully requested the court modify or terminate it on two subsequent occasions. Under these circumstances, father is not entitled to have any alleged defects in the underlying DVRO or the renewed DVRO examined when he has failed to preserve his rights by filing a timely appeal of those orders.

Moreover, even if father could now challenge the restraining orders, he has failed to show the trial court abused its discretion in granting them. (*S.M. v. E.P.*, *supra*, 184 Cal.App.4th at p. 1264 [abuse of discretion standard applies to the grant or denial of a protective order under the Domestic Violence Prevention Act (DVPA)].) Father's claims necessarily fail given our limited scope of review in a "judgment roll" appeal such as this. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) The appellate record, as previously noted, consists only of a clerk's transcript and does not include a reporter's transcript of the hearing. Electing to proceed without a reporter's transcript on appeal significantly constrains the scope of our review.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "This presumption has special significance when, as in the present case, the appeal is based upon the clerk's transcript." (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) In a "judgment roll" appeal, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ibid*.) The " 'question of the sufficiency of the evidence to support the findings is not open.' " (*Allen v. Toten*, *supra*, 172 Cal.App.3d at p. 1082.) Unless the asserted error "appears on the face of the record," we do not apply the presumption that the record contains all matters material to a determination of the points on appeal.

6

(*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.) Instead, when the record on appeal is on the clerk's transcript alone, "if any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

The record here shows the trial court held contested hearings on both the DVRO and the renewed DVRO. During these hearings, evidence was presented and witnesses testified. Similarly, the court conducted a contested hearing on father's second modification request (which led to the denial order challenged here) and both father and mother appeared and testified at that hearing. At each of these proceedings, then, the court considered facts and arguments in addition to any documents included in the present clerk's transcript.

Given the restrictive rules of review that apply in the absence of a reporter's transcript, we must presume the evidence presented was sufficient to support the court's findings that father engaged in behavior that could be enjoined under the DVPA. (See, e.g., §§ 6300 [a court may restrain a person to prevent a recurrence of domestic violence upon reasonable proof of past acts of abuse], 6203, subd. (a)(1)-(4) [defining "abuse" under the DVPA to include engaging in behavior that could be enjoined pursuant to § 6320], 6320, subd. (a) [a court may enjoin, among other things, molesting, attacking, striking, stalking, threatening, harassing, or disturbing the peace of the other party].) We must also presume that sufficient evidence supported the court's decision to grant mother's request to renew the DVRO for five more years. (See § 6345, subd. (a) [a DVRO may be renewed "upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order … subject to termination, modification, or subsequent renewal by further order of the court either on written stipulation filed with the court or on the motion of a party"].)

7

Furthermore, we presume sufficient evidence supports the trial court's finding that father's second modification request sought "the same relief on substantially the same grounds" that the court previously considered and rejected in his first modification request. As father acknowledges, the record does not contain his first modification request or any documents related to that request. Nothing on the face of the record contradicts the court's determination that the two requests contained largely similar arguments, evidence, and requests for relief.

Based on the record before us, we also reject father's argument that the trial court failed to consider his requests regarding custody or abduction prevention when ruling on his second modification request. Father concedes the record omits documents related to his first modification request, leaving him unable to determine whether the court considered any custody-related issues or preventive orders in connection with that request. Nothing on the face of the record demonstrates the court did not previously consider and reject those same issues when denying his first modification request.

In any event, father's second modification request did specifically include his request for these "Other" or additional orders regarding custody and child abduction. Father attached written statements and a transcript that he argued showed mother failed to comply with the court ordered visitation schedule and that she had unlawfully kidnapped the children and removed them from their home and community without father's consent. Based on the present record, it is reasonable to presume the trial court read and considered all of father's submitted materials prior to the contested hearing on his second modification request, especially given its conclusion that the second modification request raised similar issues to those the court previously rejected when it denied his first modification request. (See Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].)

Moreover, the face of the record does not show the trial court disregarded father's arguments and evidence regarding custody or child abduction. While the court's order "den[ying] Father's request to terminate the DVRO" might have been more artfully phrased to specifically identify each component of father's second modification request, we cannot say—at least without a reporter's transcript—that the order failed to encompass *all* the requests father made in his second request to modify or terminate the renewed DVRO. In other words, by denying (as a whole), father's second request to terminate the renewed restraining order, the court necessarily denied father's *included requests* concerning custody and child abduction orders. (Cf. *In re Marriage of Arceneaux*, *supra*, 51 Cal.3d at p. 1133 [ordinarily, when the court's statement of decision is ambiguous or omits material factual findings, a reviewing court is required to infer any factual findings necessary to support the judgment].)

We note further that by finding sufficient evidence supported the DVRO and the renewed DVRO against father, and by rejecting father's request to terminate the renewed DVRO, the trial court had to apply the presumption under section 3044 that awarding father sole custody, as he requested in the second modification request, was not in his children's best interest. Application of the mandatory presumption against custody supports an implied finding that the court did consider and reject father's custody request even if the court's written order does not expressly reference that request.

Finally, father, as the appellant, bears the burden of providing an adequate record affirmatively proving error on appeal. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494.) Based on the sparse record before us, he has failed to satisfy his appellate burden.

9

## DISPOSITION

The trial court's order denying father's second request to modify or terminate the renewed DVRO is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.